# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Doering Brewery Solutions, LLC d/b/a Brühaven, | Court File No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT**<br>**JURY TRIAL DEMANDED** |
| Gentleman Forager, LLC, | |
| Defendant. | |

Plaintiff Doering Brewery Solutions, LLC, doing business as Brühaven ("Brühaven"), through the undersigned attorneys, for its Complaint against Gentleman Forager, LLC ("Defendant") seeking damages and other legal and equitable relief from Defendant's violations of law, states and alleges as follows:

## PARTIES, JURISDICTION & VENUE

1.      Doering Brewery Solutions, LLC, doing business as Brühaven, is a Minnesota corporation with a registered address of 901 Marquette Ave, Ste 2100, Minneapolis, Minnesota 55402.

2.      Defendant is a Minnesota corporation with a registered address of 3401 Beard Avenue North, Robbinsdale, Minnesota 55422.

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), because the matter arises under Federal law, including but not limited to the Lanham Act, 15 U.S.C. §§ 1051 *et seq*.

4.      This Court has supplemental jurisdiction over any claims of state law pursuant to 28 U.S.C. § 1367(a).

5.      This Court has personal jurisdiction over Defendant because its commercial operations which give rise to this action have taken place, and continue to take place, within the District of Minnesota.

6.      Venue is proper in this Court under 28 U.S.C. § 1391 (b), (c), and (d), as Defendant's registered address and primary place of business are within the District of Minnesota, and the actions which give rise to this Complaint occurred primarily within this District.

## GENERAL FACTS

### Plaintiff's Trademark

1.      Brühaven operates a local brewery and beverage manufacturing operation that offers a wide variety of beverages including beer, beer alternatives, non-alcoholic beverages, coffee and more (the "Brühaven's Services").

2.     Brühaven purchased certain assets from Lakes & Legends, LLC, a Minnesota limited liability company ("Lakes & Legends") on March 15, 2024.

3.     Among the assets Brühaven purchased were trademarks, brands, and intellectual property, as well as the associated goodwill for that intellectual property.

4.     Brühaven has taken over the production and manufacturing of several Lakes & Legends beverages and the associated intellectual property adds substantial value to this commercial endeavor.

5.     Brühaven is the owner of and successor-in-interest to Lakes & Legends' trademarks.

6.     Brühaven is also registered to do business under the assumed name of Lakes & Legends.

7.     One of the trademarks Plaintiff purchased from Lakes & Legends is the trademark HEADWATER (hereinafter the "Mark").

8.     The Mark is presently in use in commerce as a brand of a non-alcoholic adaptogen mushroom beverage (the "Headwater Product").

9.    On February 2, 2024, Lakes & Legends filed a trademark application for HEADWATER with the United States Patent and Trademark Office, application Serial No. 98389094.

10.    A true and correct copy of the application is attached as **Exhibit A.**

11.    The Headwater Product was first offered by Lakes & Legends and is now manufactured and sold by Brühaven.

12.    Brühaven is now the owner of the HEADWATER mark, and is listed publicly as the owner of the mark in the application.

13.    Lakes & Legends created Headwater Product and branding guidelines on July 27, 2023.

14.    The Headwater Product was developed, in part, using materials supplied by the Defendant.

15.    Defendant is in the business of mushroom cultivation and is a supplier and developer of foods related to such cultivation.

16.    All flavors and recipes used to create the Headwater Products were the sole property of Lakes & Legends and are now owned by Brühaven.

17.     Lakes & Legends owns all intellectual property associated with the Headwater Product, including but not limited to the HEADWATER mark and the goodwill associated therewith.

18.     As a result of Brühaven'sT continuous use of the Mark, and excellent reputation in the beverage business in and around Minnesota, relevant consumers and people in the industry have come to know the Mark, when used in connection with such services, as referring solely to the Headwater Product and Brühaven's Services.

19.     Brand recognition by consumers is a critical element of Brühaven's business.

20.     Particularly with consumable beverages, the name and label of a product are crucial to consumers to identify the source of the product.

21.     Consumers rely heavily on brand recognition of service providers with good reputations as part of purchasing such beverages.

22.     Indeed, most consumers make a snap decision when purchasing consumable beverages based solely on the brand of that beverage.

5

23.     Brühaven offers its products and services through the registered website domain bruhaven.com, on which it displays the Mark in connection with Headwater Product and Brühaven's Services.

24.     Brühaven also maintains social media accounts, on which it advertises Brühaven's Services and, to the extent allowed by law, the Headwater Product.

***Defendant is knowingly infringing upon Plaintiff's Mark***

25.     Defendant was a limited distributor of Headwater Product by virtue of an agreement with Lakes & Legends.

26.     Pursuant to that agreement with Lakes & Legends, Defendant would engage in sales, distribution, and promotion of the Headwater Products and in turn would receive a percentage of the sales margins on a limited run of products.

27.     That agreement with Lakes & Legends has now terminated and is of no further effect.

28.     Defendant has not entered into any agreement with Brühaven for the distribution, sale, or promotion of any products.

29.     Defendant has never been an owner of the HEADWATER trademark.

6

30.     Defendant does not have a license to use the HEADWATER trademark.

31.     Defendant has now attempted to infringe on the HEADWATER Mark and Headwater Product.

32.     Defendant has been manufacturing and marketing a product called GENTLEMAN FORAGER'S HEADWATER (the "Infringing Mark").

33.     Defendant fraudulently registered the Infringing Mark with the Minnesota Secretary of State's Office on October 24, 2023, File No. 1407801100034 for GENTLEMAN FORAGER'S HEADWATER.

34.     On or around February 28, 2024, Defendant began communications with a competitor of Brühaven to begin the co-packing and production of a mushroom-based beverage using the Infringing Mark.

35.     In or around April 2024, Defendant entered into an agreement with Brühaven's competitor to produce mushroom based beverages using the Infringing Mark.

36.     Upon information and belief, Defendant expressly represented and warranted that the intellectual property involved in the agreement did not infringe on the rights of any third party.

37.     Defendant is knowingly using the Infringing Mark.

38.     Defendant's use of the Infringing Mark is substantially likely to cause confusion.

39.     Defendant's use of the Infringing Mark has caused actual confusion among consumers.

40.     Defendant has intentionally caused confusion among distributors as to the rightful owner of the Mark.

41.     Defendant has been marketing its infringing product where Brühaven has customers, leading to actual confusion.

42.     Defendant's marketing efforts are distasteful and poorly made, which will cause consumers to believe the Headwater Product is inferior or of poor quality.

43.     Defendant's use of the Infringing Mark for non-alcoholic beverages and other related services has caused, and is likely to continue to cause, consumer confusion, mistake, or deception as to the source, sponsorship, or endorsement of its goods, services, and commercial activities.

44.     Defendant's unauthorized use of the Infringing Mark is intentional.

45.     Defendant's unauthorized use of the Infringing Mark is willful.

46.     Defendant's conduct has caused irreparable injury to Plaintiff's reputation and goodwill, for which Plaintiff has no adequate remedy at law.

47.     Defendant's acts constitute the use in commerce of HEADWATER in connection with the sale, offering for sale, distribution, or advertising of goods, which use is likely to cause confusion, mistake, or to deceive consumers and therefore infringe Plaintiff's rights in its trademarks in violation of violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

***Plaintiff's Prelitigation Attempts to Resolve Dispute***

48.     Given the likelihood of confusion due to Defendant's use of the Mark, and the identical goods being offered, Brühaven contacted Defendant to reach a resolution regarding the use of the Mark.

49.     On May 2, 2024, Brühaven reached out to Defendant to notify Defendant of the acquisition of the Headwater Brand.

50.     Plaintiff, through counsel, has sent multiple correspondence to and conversed several times with Defendant seeking a resolution of this matter.

51.     The only responses from Defendant have been emails refusing to acknowledge basic facts regarding the Mark or offer any substantive explanation of its mistaken ownership or justification to use the Mark.

52.    Plaintiff considers further efforts at prelitigation resolution to be without a reasonable likelihood of success.

## COUNT I

**TRADEMARK INFRINGEMENT**
**15 U.S.C. §§ 1114 and 11TT25(a)**

53.    Brühaven realleges and restates all preceding paragraphs of this Complaint.

54.    Doering Brewery Solutions, LLC d/b/a Brühaven is the valid owner of the trademark HEADWATER.

55.    The Mark is inherently distinctive and has acquired distinctiveness in the minds of the relevant consumers in that the Mark identifies a single source of Brühaven's goods.

56.    The "HEADWATER" designation, when used as part of the Mark and in connection with Brühaven's Services, has acquired distinctiveness in that the relevant consumers associate that designation with a business.

57.    Defendant has promoted and marketed its business by displaying the Infringing Mark, GENTLEMAN FORAGER'S HEADWATER.

58.     By the acts complained of herein, Defendant's use of a mark similar to the Mark owned by Brühaven is likely to cause confusion, mistake, and deception amongst the consuming public in violation of 15 U.S.C. § 1114(a).

59.     Defendant's aforementioned acts have caused and will continue to cause great and irreparable injury to Brühaven and, unless such acts are restrained by this Court, such acts will continue, and Brühaven will therefore continue to suffer great and irreparable injury.

60.     As a direct and proximate result of Defendants' infringement of Brühaven's trademark registrations identified herein, Brühaven has suffered and will continue to suffer, monetary damages in an amount to be proven at trial, but which Plaintiff believes to be in excess of $75,000.00, and irreparable injury to its business, reputation, and goodwill.

61.     Defendant's unlawful acts were committed willfully, knowingly, maliciously, and in conscious disregard of Brühaven's rights.

62.     As a direct and proximate result of Defendant's trademark infringement, Brühaven has been required to retain the services of an attorney and is entitled to an award of reasonable attorneys' fees and costs incurred in the litigation of this claim.

## COUNT II

## VIOLATION OF MINNESOTA DECEPTIVE TRADE PRACTICES
### (MINN. STAT. § 325D.44)

63.     Brühaven restates and incorporates by reference, as if fully set forth here, the allegations of all previous paragraphs.

64.      Brühaven is entitled to protection under Minn. Stat. § 325D.44.

65.     Defendant' use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of HEADWATER with Defendant.

66.     Defendant's use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the origin, sponsorship, or approval by Brühaven of Defendant's business.

67.     Defendant's use of the Infringing Marks constitutes a deceptive trade practice under Minn. Stat. § 325D.44, subd. 1.

68.     Brühaven has no adequate remedy at law and has been, and absent injunctive relief, will continue to be irreparably harmed by Defendant's actions.

69.     Brühaven is therefore entitled to injunctive relief under Minn. Stat. § 325D.45, subd. 1.

70.     Defendant's conduct in violation of Minn. Stat. § 325D.44 was willful, including continuing with its use after being informed of its deceptive and infringing nature, and Brühaven is therefore entitled to attorneys' fees and costs under Minn. Stat. § 325d.45, subd. 2.

## COUNT III

### VIOLATION OF MINNESOTA TRADEMARK INFRINGEMENT STATUTE
### (Minn. Stat. §333.28)

71.     Brühaven restates and incorporates by reference, as if fully set forth here, the allegations of all previous paragraphs.

72.     Brühaven is entitled to protection under Minn. Stat. § 333.28.

73.     Brühaven is the owner of a valid trademark.

74.     Defendant's use and promotion of the Infringing Mark is likely to cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Brühaven with Defendant.

75.     Defendant's use of the Infringing Mark constitutes a trademark infringement under Minn. Stat. § 333.28.

76.     Brühaven has no adequate remedy at law and has been, and absent injunctive relief, will continue to be irreparably harmed by Defendant's actions.

77.     Brühaven is therefore entitled to injunctive relief under Minn. Stat. § 333.29.

78.     Defendant's conduct in violation of Minn. Stat. § 333.28 was willful, including continuing with its use after being informed of its infringing nature, and Brühaven is therefore entitled to attorneys' fees and costs under Minn. Stat. § 333.28.

**WHEREFORE,** Brühaven respectfully requests that the Court issue an order as follows:

A.     Issuing Judgment for Doering Brewery Solutions, LLC d/b/a Brühaven on all counts;

B.     Awarding Doering Brewery Solutions, LLC d/b/a Brühaven actual damages, compensatory damages, statutory damages, and profits stemming from Defendant's unlawful conduct in an amount to be determined at trial but in excess of $75,000;

C.     Awarding exemplary and punitive damages for the willful misappropriation and infringement of the Mark;

D.     Enjoining Defendant from further misappropriation and infringement of the Mark;

14

E.   Awarding attorneys' fees as permitted by law; and

F.   For such other relief that this Court may deem just and proper.

**CHESTNUT CAMBRONNE PA**

Dated: July 3, 2024                By:   s/ Emeric J. Dwyer
                                        Emeric J. Dwyer (MN #0389471)
                                        Jeffrey C. O'Brien (MN #0304852
                                        Allison E. Cole (MN #0402640)
                                        100 Washington Ave. S., Suite 1700
                                        Minneapolis, MN 55401
                                        Telephone: (612) 339-7300
                                        edwyer@chestnutcambronne.com
                                        jobrien@chestnutcambronne.com
                                        acole@chestnutcambronne.com

                                        *Attorneys for Doering Brewery Solutions,*
                                        *LLC d/b/a Brühaven*

15